IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WHIRLPOOL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>Defendants. | Civil Action No. 2:25-cv-01042<br><br>PATENT CASE<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

1. Plaintiff Whirlpool Corporation brings this action seeking injunctive relief and monetary damages against Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (collectively, "Samsung" or "Defendants"), based on its infringement of Whirlpool's patents.

**THE PARTIES**

2. Plaintiff Whirlpool Corporation is a corporation organized and existing under the laws of the state of Delaware with a principal place of business at 2000 North M-63, Benton Harbor, Michigan. Whirlpool owns United States Patent No. 12,232,681 ("the '681 patent") and No. 10,512,385 ('385 patent, and together with the '681 patent, "Asserted Patents").

3. Upon information and belief, Defendant Samsung Electronics Co., Ltd. ("Samsung Electronics") is a company organized and existing under the laws of the Republic of Korea, with its principal place of business at 129 Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-Do, Korea 443-742.

1

4. Upon information and belief, Defendant Samsung Electronics America, Inc. ("Samsung USA") (collectively with Samsung Electronics, "Samsung" or "Defendants") is a corporation organized and existing under the laws of New York, with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660. Samsung USA may be served through its registered agent for service of process, CT Corporation System, 1999 Bryant Street, Suite 900, Dallas, Texas.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

6. This Court has personal jurisdiction over Samsung Electronics and Samsung USA because Defendants have committed acts within Texas and this judicial district giving rise to this action and/or have established minimum contacts with this forum such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

7. On information and belief, Defendants conduct substantial business in this forum, including (a) engaging in the infringing conduct alleged herein in Texas and in this judicial district; (b) regularly and consistently doing and soliciting business; (c) engaging in other persistent courses of conduct such as providing customer service and warranty repairs in connection with its business operations in Texas and in this judicial district; (d) deriving substantial revenue by its offering of infringing products and services and providing infringing goods to consumers in Texas and in this judicial district; and (e) purposefully establishing substantial, systematic, and continuous contacts with the state of Texas and with this District such that they should reasonably expect to be subject to suit here in this judicial district.

8. In the alternative, Federal Rule of Civil Procedure 4(k)(1)(A) confers personal jurisdiction over Defendants because, upon information and belief, Defendants regularly conduct,

transact, and/or solicit business in Texas and in this judicial district; derive substantial revenue from their business transactions in Texas and in this judicial district; and otherwise avail themselves of the privileges and protection of the laws of the State of Texas such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process. On information and belief, Defendants' unlawful infringing actions have caused and will continue to cause injury to Whirlpool in Texas and in this judicial district such that Defendants should reasonably expect such actions to have consequences in Texas and in this judicial district.

9. This Court has personal jurisdiction over Samsung Electronics and Samsung USA because, directly or through intermediaries, each has committed acts and continues to commit acts of patent infringement in the state of Texas and within this judicial district, including making, using, offering to sell and/or selling the Accused Products in Texas, and/or importing the Accused Products into Texas, and/or inducing others to commit acts of patent infringement in Texas.

10. For example, Samsung USA maintains regular and established offices in the Eastern District of Texas, including at 6625 Excellence Way, Plano, Texas 75023. Further, on information and belief, Samsung Electronics directs and controls the actions of Samsung USA such that it too maintains regular and established offices in the Eastern District of Texas, including at 6625 Excellence Way, Plano, Texas 75023.

11. Samsung has described its 216,000 square foot Plano office as its "flagship" office and employs over 1,000 people there, as part of its "longstanding and growing commitment to Texas."[1]

---

[1] Samsung, *Samsung Electronics America to Open Flagship North Texas Campus* (Apr. 6, 2018), https://news.samsung.com/us/samsung-electronics-america-open-flagship-north-texas-campus.

12. In addition, Samsung Electronics and Samsung USA have placed or contributed to placing infringing products (including the Accused Products) into the stream of commerce via an established distribution channel knowing, understanding, or intending that such products would be sold and used in the United States, including in the Eastern District of Texas.

13. On information and belief, Samsung Electronics and Samsung USA each also has derived substantial revenues from infringing acts in the Eastern District of Texas, including from the sale and use of infringing products and the Accused Products.

14. Venue is proper as to Samsung Electronics because, inter alia, pursuant to 28 U.S.C. § 1391(b)-(c) and/or 28 U.S.C. § 1400(b), Samsung Electronics is not resident in the United States and thus may be sued in any judicial district, including this one. Samsung Electronics is a corporation organized and existing under the laws of the Republic of Korea. Venue is proper against Samsung Electronics pursuant to 28 U.S.C. § 1391(c)(3) because venue is proper in any judicial district against a foreign corporation. *In re HTC Corp.*, 889 F.3d 1349, 1354 (Fed. Cir. 2018).

15. Venue is proper as to Samsung USA because, inter alia, pursuant to 28 U.S.C. § 1400(b), Samsung USA has committed acts of infringement in this District and has maintained regular and established places of business in this District including at least at 6625 Excellence Way, Plano, Texas 75023. *In re Cray Inc.*, 871 F.3d 1355, 1362–63 (Fed. Cir. 2017).

16. In other recent patent-infringement actions, Defendants have not disputed this Court's personal jurisdiction over them and have not contested that venue properly lies in this District. *See, e.g.*, Samsung Defendants' Answer ¶¶ 6–9, 15, *Four Batons Wireless, LLC v. Samsung Elecs. Co. Ltd., et al.*, No. 2:24-cv-00284 (E.D. Tex. Aug. 19, 2024), ECF No. 24; Samsung Defendants' Answer ¶¶ 8–9, *SpaceTime3D, Inc. v. Samsung Elecs. Co. Ltd., et al.*, No.

2:19-cv-00372 (E.D. Tex. Mar. 16, 2020), ECF No. 22; Samsung Defendants' Answer ¶ 10, *Barkan Wireless v. Samsung Elecs. Co. Ltd. et al.*, No. 2:18-cv-00028 (E.D. Tex. Apr. 23, 2018), ECF No. 25.

### WHIRLPOOL'S DEVELOPMENT AND PRACTICE OF THE PATENTED TECHNOLOGY

17. Household dishwashers typically include one or more dish racks for holding various types of dishes in the dishwasher tub. Traditionally, a dishwasher includes an upper dish rack that holds drinkware and small dishes, and a lower dish rack that holds larger dishes, such as plates. A utensil caddy is often used to specifically hold silverware/utensils. Utensil caddies come in two traditional forms. They are either removably carried by the lower dish rack or on the inner surface of the door closing the dishwasher and are oriented such that they hold the silverware/utensils in an upright or vertical orientation during washing. Or, alternatively, some dishwashers include a third rack, located above the upper rack described above, which is shallow and capable only of holding silverware/utensils.

18. Household dishwashers also typically include sprayers below each dish rack and sometimes at the top of the wash tub. Water is pumped under pressure through these sprayers in a manner that causes nozzles to emit water to clean the dishes. Placement of multiple sprayers helps ensure that water reaches all items loaded in the dishwasher and targets the cleaning of the dishes.

19. Whirlpool manufactures and sells household dishwashers under various brands, including several in the premium segment (e.g., JennAir and KitchenAid). Unlike traditional dishwashers, many of Whirlpool's dishwashers, including but not limited to the KitchenAid 360° Max Jets™ Third Rack Dishwasher, feature an enhanced top rack that can accommodate both drinkware (e.g., cups) and silverware/utensils. Whirlpool released these dishwashers with the enhanced top racks in or around 2020. On information and belief, Whirlpool was the first—and

until Samsung's infringement at issue, the only—manufacturer of dishwashers with such enhanced top racks.

20. As shown in the image below, one of Whirlpool's enhanced-top-rack technologies accommodates both (1) utensils and silverware to be loaded horizontally and (2) drinkware to be loaded in an angular manner in a defined cup seat:



*Image of KitchenAid 360° Max Jets™ Third Rack Dishwasher*[2]

21. This specific enhanced-top-rack technology practices each of the '681 and '385 patents. Whirlpool has limited the introduction of this specific enhanced-top-rack technology exclusively to its higher-end KitchenAid dishwashers and has not incorporated it into its lines of non-KitchenAid dishwashers from Amana, Whirlpool, Maytag, and JennAir.

22. Whirlpool's dishwashers also feature numerous sprayers (also referred to as "wash jets"), including ones dedicated to the enhanced top rack, to ensure that all utensils, silverware, and drinkware are thoroughly cleaned.

---

[2] KitchenAid, *360° Max Jets™ Third Rack Dishwasher: Fall In Love At First Wash*, https://www.kitchenaid.com/major-appliances/dishwashers/third-rack.html (last visited Oct. 10, 2025).



*Image of KitchenAid 360° Max Jets Third Rack Dishwasher*[3]

23.     Sprayers dedicated to the third rack are featured in the KitchenAid enhanced-top-rack technology, as well as in the enhanced-top-rack technology for other Whirlpool products.

24.     Since its release in or around 2020, Whirlpool has annually sold approximately 1.6 million premium dishwashers with the enhanced top racks under the KitchenAid brand alone. The enhanced top racks have served as a major differentiator in the market for premium dishwasher segments.

**SAMSUNG'S ACCUSED PRODUCTS**

25.     Samsung is a multinational manufacturer, importer, distributor, and/or seller of consumer appliances, including dishwashers.

26.     In or around April 2025, Samsung released a dishwasher modeled after the KitchenAid technology that includes an infringing enhanced top rack that can hold both drinkware

---

[3] *Id.*

as well as silverware/utensils ("Accused Products"). The Samsung 38 dBA Bespoke Smart Dishwasher with 3rd Rack Washing System is one such Accused Product.[4]

27. Samsung first began selling its Accused Products through the online channels, including its own website and the websites of appliance retailers like Best Buy and Home Depot. Upon information and belief, Samsung plans to release its Accused Products in brick-and-mortar stores and directly compete with Whirlpool's dishwashers with these enhanced top racks capable of holding both drinkware and silverware/utensils. In particular, at brick-and-mortar retailers, floor space is a finite and valuable resource. Appliance brands, including Whirlpool and Samsung, fiercely compete for this scarce space. Upon information and belief, Samsung's release of its Accused Products into brick-and-mortar stores threatens the floor space that retailers assign to Whirlpool's enhanced-top-rack dishwashers. The resulting decrease in dedicated floor space for Whirlpool's dishwashers, in turn, leads to a decrease in sales and revenue from these products, as consumers who would have encountered and purchased Whirlpool's dishwashers in stores will no longer have the same opportunities to learn about Whirlpool's enhanced-top-rack products. Indeed, consumers who experience Samsung's enhanced-top-rack infringing product are expected to formulate a less favorable view of enhanced top racks more generally given that Samsung did not address characteristics of the overall dishwasher to accommodate the enhanced third rack in the same way that Whirlpool did. This omission will likely result in a negative impression of the enhanced third rack product, which will carry over into Whirlpool's KitchenAid products that feature enhanced third racks.

---

[4] Samsung, *Bespoke Smart Dishwasher*, https://www.samsung.com/us/home-appliances/dishwashers/rotary/38-dba-bespoke-auto-open-door-dishwasher-with-3rd-rack-washing-system-in-fingerprint-resistant-stainless-steel-dw90f89p0usraa/ (last visited Oct. 10, 2025).

28. Samsung actively advertises its Accused Products' infringing enhanced top rack with "dedicated area for drinkware, cutlery and utensils."[5]





**Screenshots from Samsung's advertisement of its Accused Products**[6]

---

[5] *Id.*
[6] *Id.*

9

29. Just like in Whirlpool's enhanced-top-rack products, Samsung's Accused Products also have sprayers placed strategically along the depression portion of the top racks meant to serve as the starting point for inclined cup seats that function to secure drinkware and prevent it from rolling around the rack.





**Screenshots from Samsung's advertisement of its Accused Products**[7]

---

[7] *Id.*

## COUNT ONE
### INFRINGEMENT OF U.S. PATENT NO. 12,232,681

30. Whirlpool repeats and incorporates by reference each preceding paragraph as if fully set forth herein and further states:

31. On February 25, 2025, the United States Patent and Trademark Office duly and legally issued the '681 Patent entitled "Dishwasher with a Dish Rack." A true and correct copy of the '681 Patent is attached as Exhibit 1 to this Complaint.

32. Whirlpool is the owner by assignment of the entire right, title, and interest in and to the '681 patent, including the right to sue and recover past, present, and future damages for infringement.

33. Whirlpool manufactures and sells products that practice the '681 patent, including through the KitchenAid brand, and marks such products with the '681 patent.

34. Samsung is not licensed under the '681 Patent, either expressly or implicitly, nor does it enjoy or benefit from any rights in or to the '681 Patent whatsoever.

35. In violation of 35 U.S.C. § 271(a), Samsung has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including at least Claim 14, of the '681 patent by, inter alia, making, using, selling, importing and/or offering for sale dishwashers that practice the patented technology. These dishwashers include all Samsung dishwashers that have an enhanced top rack, including but not limited to the Samsung 38 dBA Bespoke Smart Dishwasher with 3rd Rack Washing System.

36. The Accused Products satisfy all claim limitations of one or more of the claims of the '681 patent, including at least Claim 14.

37. The Accused Products comprise an automatic dishwasher configured to implement an automatic treating cycle of operation, comprising: a tub defining a dish treating chamber; and

a dish rack located within the dish treating chamber having a first end spaced from a second end and comprising a bottom wall from which extends a peripheral wall defining side walls of the dish rack. At the first end of the dish rack, the bottom wall has a first portion defined by a first substantially horizontal planar portion extending across a first portion of the bottom wall, and at the second end of the dish rack, a second portion is angled with respect to the first portion and defining a depression, the depression extending lower than the first portion relative to the peripheral wall.

38. Samsung will continue to infringe one or more claims of the '681 patent either directly and/or indirectly unless enjoined by this Court. As a direct and proximate result of Samsung's direct and/or indirect infringement of the '681 patent, Whirlpool has been and continues to be damaged.

39. Upon information and belief, Samsung's infringement of the '681 Patent is willful and deliberate, entitling Whirlpool to the recovery of enhanced damages under 35 U.S.C. § 284. Samsung has infringed and continues to infringe the '681 Patent despite the risk of infringement being either known or so obvious that it should have been known to Samsung.

## COUNT TWO
## INFRINGEMENT OF U.S. PATENT NO. 10,512,385

40. Plaintiff repeats and incorporates by reference each preceding paragraph as if fully set forth herein and further states:

41. On December 24, 2019, the United States Patent and Trademark Office duly and legally issued the '385 patent entitled "Glasses Rack for Dishwasher." A true and correct copy of the '385 patent is attached as Exhibit 2 to this Complaint.

42. Whirlpool is the owner by assignment of the entire right, title, and interest in and to the '385 patent, including the right to sue and recover past, present, and future damages for infringement.

43. Whirlpool manufactures products that practice the '385 patent, including through the KitchenAid brand, and marks such products with the '385 patent.

44. Samsung is not licensed under the '385 Patent, either expressly or implicitly, nor does it enjoy or benefit from any rights in or to the '385 Patent whatsoever.

45. In violation of 35 U.S.C. § 271(a), Samsung has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including at least Claim 17, of the '385 patent by, inter alia, making, using, selling, importing and/or offering for sale dishwashers that practice the patented technology. These dishwashers include all Samsung dishwashers that have an enhanced top rack, including but not limited to the Samsung 38 dBA Bespoke Smart Dishwasher with 3rd Rack Washing System.

46. The Accused Products satisfy all claim limitations of one or more of the claims of the '385 patent, including at least Claim 17.

47. The Accused Products comprise a dishwasher, comprising: a tub defining a treating chamber receiving dishes for treatment; a spray system providing treating liquid to the treating chamber; and a dish rack located in the tub and selectively moveable into and out of the tub. This dish rack has a bottom wall, a side wall extending upwardly from the bottom wall and terminating in an upper edge, with an upwardly angled portion formed in the bottom wall comprising a plurality of spaced apart inclined portions forming the bottom wall and terminating at the side wall, wherein two adjacent inclined portions of the plurality of spaced apart inclined portions are configured to cradle a glass at an inclined angle and prevent the glass from rolling and a contoured portion

formed in the bottom wall configured to prevent glasses from sliding down the inclined angle. The dishwasher also comprises a spray tube having nozzles emitting spray along the angled portion; wherein the contoured portion is further configured to form a curved mounting portion adjacent which the spray tube is mounted such that the spray tube is carried with the dish rack.

48. Samsung will continue to infringe one or more claims of the '385 patent either directly and/or indirectly unless enjoined by this Court. As a direct and proximate result of Samsung's direct and/or indirect infringement of the '385 patent, Whirlpool has been and continues to be damaged.

49. Upon information and belief, Samsung's infringement of the '385 Patent is willful and deliberate, entitling Whirlpool to the recovery of enhanced damages under 35 U.S.C. § 284. Samsung has infringed and continues to infringe the '385 Patent despite the risk of infringement being either known or so obvious that it should have been known to Samsung.

## DEMAND FOR JURY TRIAL

50. Whirlpool hereby demands a jury trial pursuant to Federal Rule of Civil Procedure 38.

## FEES AND COSTS

51. To the extent that Samsung's willful and deliberate infringement or litigation conduct supports a finding that this is an "exceptional case," an award of attorneys' fees and costs to Whirlpool is justified pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Whirlpool prays for relief against Samsung as follows:

a. Declaring that Samsung has directly infringed the Asserted Patents, contributed to the infringement of the Asserted Patents, and/or induced the infringement of the Asserted Patents;

b. Declaring that the Asserted Patents are not invalid;

      c.    Entering a preliminary and permanent injunction preventing Samsung and its respective officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from engaging in infringing activities with respect to the Asserted Patents by making, using, offering to sell, selling, importing into the United States, distributing, shipping, or otherwise disposing of the Accused Products, including but not limited to the Samsung 38 dBA Bespoke Smart Dishwasher with 3rd Rack Washing System;

      d.    Entering a preliminary and permanent injunction that requires Samsung and its respective officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them to immediately and permanently discontinue all advertisements, including advertising links on websites, social media, or search engines that direct to any webpage operated by Samsung that reference any Accused Product, including but not limited to the Samsung 38 dBA Bespoke Smart Dishwasher with 3rd Rack Washing System;

      e.    Awarding Whirlpool damages arising out of this infringement of the Asserted Patents, including enhanced damages pursuant to 35 U.S.C. § 284 and supplemental damages for any continuing post-verdict infringement through entry of the final judgment, in an amount according to proof;

      f.    Awarding Whirlpool prejudgment and post-judgment interest, in an amount according to proof;

      g.    Awarding Whirlpool a compulsory ongoing royalty, in an amount according to proof;

      h.    Awarding attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

      i.      Declaring that Whirlpool's infringement of the Asserted Patents is willful;

      j.      Awarding such other relief which may be requested and to which Whirlpool is entitled; and

      k.      Awarding to Whirlpool such other costs, equitable relief, and any other relief to which Whirlpool is entitled and as the Court deems just and proper.

DATED: October 10, 2025                Respectfully submitted,

By:    */s/ Joseph S. Grinstein*
Joseph S. Grinstein – Lead Counsel
   Texas State Bar No. 24002188
   jgrinstein@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Kalpana Srinivasan
   California State Bar No. 237218
   ksrinivasan@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Jenna Farleigh
   Washington State Bar No. 288811
   jfarleigh@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

Y. Gloria Park
   New York State Bar No. 5477047
   gpark@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**

One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-3340

Andrea L. Fair
   Texas State Bar No. 24078488
   andrea@wsfirm.com
**MILLER FAIR HENRY, PLLC**
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR PLAINTIFF**